UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEVEN SIPIC

                Plaintiff

-against-

THE CITY OF NEW YORK, POLICE OFFICER
JORGE SALAZAR, SHIELD # 01253 OF THE
EMERGENCY SERVICE UNIT, SUED
INDIVIDUALLY AND AS A POLICE OFFICER,
LT. MICHAEL SCHROEDER SHIELD # 00000,
POLICE OFFICER TERRENCE SHEPHERD, SHIELD
# 874749, INDIVIDUALLY AND IN THEIR CAPACITIES
AS A POLICE OFFCIERS DTS OFFICER PAUL
CELLA, SHIELD # 4725, AS A
DTS OFFICER AND INDIVIDUALLY,

                           Defendants.
------------------------------------------------------------X

**AMENDED**
**VERIFIED COMPLAINT**
**16-CV-07163 (BMC)**
Jury Trial Demanded

Plaintiff, Steven Sipic, by his attorneys, Emdin & Russell, LLP complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1) Plaintiff bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1981, 1983 and 1988 for violations of their civil rights, as said rights are secured by said statues and the Constitution of the State of New York and the United States.

### JURISDICTION

2) This action is brought pursuant to 42 U.S.C. §§1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3) Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4) Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391 (b), in that this is the district in which the claim arose.

## JURY TRIAL DEMANDED

5) Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P.38 (b).

## PARTIES

6) Plaintiff, Steven Sipic, residing at 141-30 Pershing Crescent, Jamaica, New York 11435.

7) Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8) Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9) That at all times hereinafter mentioned, the individually named Defendants Police DTS Salazar and Cella of the Emergency Service Unit (ESU) of the New York City Police Department and New York City Police Officers Shepherd, Lt. Schroeder, as New York City Police Officers were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10) That at all times hereinafter mentioned the Defendants, "Officers" either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statues, customs, usages and/or practices of the State of New York and/or the City of New York.

11) Each and all of the acts of the Defendants, "Officers" alleged herein were done by Defendants "Officers" while acting within the scope of their employment by Defendant CITY OF NEW YORK.

## FACTS

12) On February 19, 2016, at approximately 6:15 a.m. the Plaintiff, "Sipic," was rear handcuffed inside a locked holding cell within the 107th precinct.

13) During Plaintiff's detention, two Emergency Service Officers, Defendant DTS Cella and DTS Salazar entered the cell where Plaintiff was being held and informed that the Plaintiff he was being taken to a hospital.

14) The Plaintiff protested the need to go to the hospital as he was not injured.

15) Defendants DTS Cella and Salazar placed a "Restraint Bag" on the floor and told the Plaintiff to get in the Restraint Bag which was placed on the floor.

16) Plaintiff verbally protested, and upon information, and belief Defendant Salazar told Defendant Cella to tase the Plaintiff, or he will tase the Plaintiff

17) Plaintiff continued to verbally protest when Defendant Officer Salazar withdrew his taser. Shortly thereafter, Defendant DTS Salazar approached the Plaintiff and punched him twice in the eye and then DTS Officer Cella and Salazar threw the Plaintiff down on top of the Restraint Bag.

18) Plaintiff drifted in and out of consciousness before being taken to the hospital for treatment for his injuries and a mental evaluation.

19) As a result of DTS Salazar's and DTS Cella's actions and Lt. Schroeder's, and Police Officer Shepard's failure to intervene, Plaintiff suffered a left periorbital contusion, black and blue bruising to his eye and swelling and eye socket as well as injuries to his face.

20) Plaintiff was also subjected to being forcibly placed into a Restraint Bag.

21) Plaintiff was then transported to Queens Hospital for medical attention. Plaintiff received treatment for his injury, and was also deemed mentally fit and was released back into police custody.

22.) Plaintiff's injuries did not heal for approximately 2-3 months. For which he had blurry vision; headaches; and sought follow-up medical treatment.

23) None of the Officers present intervened on the Plaintiff's behalf or tried to stop the Plaintiff from being' battered, assaulted and subjected to excessive force.

24) The aforementioned conduct was committed by the City of New York, their agents servants or employees, while acting in their scope of their employment.

25) The Defendants, City, their agents, servants and employees committed battery, assault and used excessive force upon Plaintiff without just cause or justification and in an excessive manner and force, intentionally caused physical contact, causing serious injuries to mind and body.

26) All the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate, screening, hiring, retaining, training and supervising of its' employees, deliberate indifference as to punishment for misconduct and due to discrimination against Plaintiff because of his misconceived characterization as an Emotional Disturb Person.

27) As a result of the foregoing, the Plaintiff sustained, inter alia, physical injuries, emotional distress, embarrassment, humiliation and deprivation of his Constitutional Rights.

## **FEDERAL CLAIMS**

### **AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. §§1981 and 1983)
EXCESSIVE FORCE

28) Plaintiffs repeat, reinstates, and realleges each and every allegation contained in paragraphs "1" through "27" with the same force and effect as if fully set forth herein.

29) All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

30) All of the aforementioned acts deprived Plaintiff, Steven Sipic of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1981 and 1983.

31) The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

32) The Defendants herein battered, assaulted and used excessive force against the Plaintiff who was physically attacked as related previously.

33) Defendants used excessive force, battered and assaulted the Plaintiff by punching him in the face, more specifically, the eye and eye socket injuring his knee, while also forcing Plaintiff into a "Restraint Bag" among other unwarranted force used.

34) Defendants used excessive force, battered and assaulted the Plaintiff by striking him in the face, more specifically the eye and eye socket, causing said eye and/or socket to bleed, swell, bruise and turn colors, "Black and Blue", despite the Plaintiff not posing any physical threat to any of the Defendants.

35) Plaintiff was unware of the threat of imminent harm and unconsented contact and actually feared it while Defendants, Police Officers had the apparent ability to cause said unlawful and unwarranted physical contact and harm and actually caused it to occur.

36) The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

37) Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38) As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individuals in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Malicious Abuse of Authority under 42 U.S.C. § 1983)

39) Plaintiffs repeat, reinstates, and realleges each and every allegation contained in paragraphs "1" through "38" with the same force and effect as if fully set forth herein.

40) Defendants abused their authority by battering, assaulting and falsely labeling Plaintiff as an Emotional Disturbed Person in efforts of covering up their misconduct. However Defendant Salazar and Cella abused their authority as ESU Officers and Police Officers and failed to adhere to their police protocols particular to ESU Officers, and Police Patrol Guidelines.

41) Defendants caused Plaintiff to be transported to the hospital for a mental evaluation knowing Plaintiff was not emotionally disturbed to wit; to cover-up their abuse of power and authority as well as the battering and assaulting of the Plaintiff, thereby violating Plaintiff's rights.

42) Defendants further abused their authority and power by detaining Plaintiff and forcibly putting the Plaintiff into a "Restraint Bag" and transporting Plaintiff to the hospital.

43) As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

44) Plaintiff repeat, reinstates, and realleges each and every allegation contained in paragraphs "1" through "43" with the same force and effect as if fully set forth herein.

45) Plaintiff was falsely detained and physically restrained. Prior to his physical restraint, Plaintiff was punched in the eye which resulted in physical injury sustained from being battered, assaulted and subjected to excessive force. As a result of the Defendant's actions, Plaintiff also suffered an injury to his knee.

46) The battery and assault committed on the Plaintiff was based on him being falsely labeled as an Emotional Disturbed Person and although he had consumed alcohol prior to his arrest, and his verbal refusal to lay in the bag.

47) Moreover, the failure to intervene by other named officers present, as to said battery and assault was founded on Plaintiff being an arrested individual and falsely labeled as an Emotional Disturbed Person and therefore Defendants did not intervene as to the misconduct he suffered.

48) As a result of the foregoing, Plaintiff was deprived of his rights under the Equal Protection Clause of the United States Constitution.

49) As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

50) Plaintiff repeat, reinstates, and realleges each and every allegation contained in paragraphs "1" through "49" with the same force and effect as if fully set forth herein.

51) The Defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

52) As a result of the foregoing, Plaintiff was deprived of their liberty and right to substantive due process, causing emotional and physical injuries.

53) As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

54) Plaintiff repeat, reinstates, and realleges each and every allegation contained in paragraphs "1" through "53" with the same force and effect as if fully set forth herein.

55) Defendants have an affirmative duty to intervene on behalf of Plaintiff who Constitutional rights were being violated by the Defendants and in the presence of other Defendants/Officers.

56) The Defendants' failed to intervene to prevent the unlawful conduct described herein.

57) As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to other physical restraints.

58) As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

59) Plaintiffs repeat, reinstates, and realleges each and every allegation contained in paragraphs "1" through "58" with the same force and effect as if fully set forth herein.

60) The supervisory defendants personally caused Plaintiff's Constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinates' employees.

61) As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

62) Plaintiff repeat, reinstates, and realleges each and every allegation contained in paragraphs "1" through "61" with the same force and effect as if fully set forth herein.

63) Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

64) The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting citizens without probable cause, and engaging in falsification and/or committing perjury and/or manufacturing evidence in an effort to convict such individuals. In addition, the CITY OF NEW YORK engaged in a policies such as Stop and Frisk, Broken Windows and other customs or practices which are discriminatory in its implementation and said misconduct is treated with deliberate indifference, moreover THE CITY OF NEW YORK provided inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of Plaintiff's rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

65) The CITY OF NEW YORK deliberate indifference illustrated by the lack of disciplining officers for their misconduct behavior further embeds a culture, policies, practices, repeated misconduct which now becomes the norm as to police behavior.

66) The foregoing customs, policies, usages, practices, procedures, deliberate indifferences to discipline and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and Constitutional rights of the Plaintiff.

67) The foregoing customs, policies, usages, practices, procedures, deliberate indifferences to discipline and rules of the CITY OF NEW YORK and the New York City Police Department were direct and proximate cause of the Constitutional violations suffered by Plaintiff as alleged herein.

68) The foregoing customs, policies, usages, practices, procedures, deliberate indifferences to discipline and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by Plaintiff as alleged herein.

69) As a result of the foregoing customs, policies, usages, practices, procedures, deliberate indifference as to discipline and rules of the CITY OF NEW YORK and the New York City Police Department, Plaintiff was unlawfully the subject of excessive force.

70) Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's Constitutional rights.

71) All of the foregoing acts by Defendants deprived Plaintiff of his federally protected rights, including, but not limited to the right:

   A. Not to be deprived of liberty without due process of law;
   B. To be free from false detention, false arrest and unlawful imprisonment;
   C. To be free from the failure to intervene;
   D. To be free from malicious abuse of process; and excessive force, battery and assault;
   E. To receive equal protection under law.

72) As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual

Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, The Plaintiff demands judgment and prays for the following relief jointly and severally, against defendants as follows:

1. Full and fair compensatory damages in an amount to be determined by a jury
2. Punitive damages in an amount to be determine by a jury;
3. Reasonable attorney's fees and the costs and disbursements of this action; and
4. Such other and further relief as appears just and proper.

Dated: New York, New York
April /4, 2017

Emdin & Russell, LLP.
Royce Russell, Esq.
Attorneys for Plaintiffs
499 Seventh Avenue, 12N
New York, New York 10018
(212) 683-3995